**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

CASIPRIN GIBSON,
ADC #133292                                                                                                  PLAINTIFF

v.                                            5:09CV00283 SWW

STEVEN WILLIAMS, et al.                                                                          DEFENDANTS

## ORDER

Plaintiff, a state inmate incarcerated at the Delta Regional Unit of the Arkansas Department of Correction (ADC), filed this action pursuant to 42 U.S.C. § 1983 against ADC officers, alleging excessive force amounting to cruel and unusual punishment. By order entered February 2, 2011, the Court adopted the findings and recommendation of Magistrate Judge Jerome T. Kearney and dismissed all claims with the exception of Plaintiff's excessive force claim Defendant Stephen Jones in his individual capacity.

Now before the Court is a motion by the Arkansas Attorney General, requesting to withdraw as counsel for Jones based on a potential conflict of interest. Rule 1.7 of the Arkansas Rules of Professional Conduct provides that a lawyer shall not represent a client if the representation involves a concurrent conflict of interest and further provides that a concurrent conflict of interest can be any case where "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person . . . . " Ark. R. Prof. Conduct 1.7(a)(2).   In this case, defense counsel reports that during the discovery process, it became apparent that continued representation by the Attorney General's Office could lead to potential and unavoidable conflicts of interest between present and former clients.

1

Jones opposes the motion to withdraw and provides the following reasons for his objection: "1-Being cleared by the internal affairs division. 2-Bypassing a voice [analysis] stress test."  Docket entry #51, Ex. A.

The decision to allow counsel to withdraw representation based on a conflict of interest is left to the discretion of the district court.  *See Fleming v. Harris*, 39 F.3d 905, 908 (8th Cir. 1994).  The Court finds that the Attorney General has shown good cause for withdrawing representation in this case and that Jones has adequate time to retain new counsel and prepare for trial, which is  scheduled for January 17, 2011.

IT IS THEREFORE ORDERED that the motion to withdraw as counsel (docket entry #48) is GRANTED.  The Arkansas Attorney General's Office is hereby terminated as counsel for Defendant Steven Jones.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to mail a copy of this order to Defendant Steven Jones at his place of employment:  The Arkansas Department of Correction, Pine Bluff Unit, 890 Free Line Drive, Pine Bluff, AR 71603-1498.  The Arkansas Attorney General is directed to make certain that Defendant Jones receives a copy of this order.

**IT IS FURTHER ORDERED that Defendant Steven Jones shall, within twenty (20) days from the entry date of this order, provide the name and address of his new attorney, who shall enter an appearance in this case, or state that he intends to proceed without the assistance of an attorney.  Defendant Jones is notified that any party proceeding without an attorney is obligated to follow the Federal Rules of Civil Procedure and the Local Rules of**

**this Court**.[1]

IT IS SO ORDERED THIS 28TH   DAY OF JUNE, 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[1]Local Rule 5.5(c)(2) states:

It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure